**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-23199-CIV-ROSENBAUM**

In re:

VIVIAN SANCHEZ-VILLALBA,

      Appellant-Debtor,

v.

NANCY N. HERKERT,

      Appellee-Trustee.

_____/

## OPINION AND ORDER

This is an appeal by Appellant-Debtor Vivian Sanchez-Villalba ("Appellant-Debtor") of the Order Sustaining Trustee's Objection to Confirmation ("Underlying Order") [D.E. 1 at 2-6; BKC D.E. 147] entered on February 24, 2012 and Order Denying Motion for Rehearing of the Underlying Order ("Order Denying Rehearing") [D.E. 1 at 6-9; BKC D.E. 159], entered on March 31, 2012, in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). The Court has carefully considered the briefs and all supporting and opposing filings and is otherwise fully advised in the premises. For the reasons set forth below, the Bankruptcy Court's decisions are affirmed.

### *I. Background*

The factual background, as summarized by the bankruptcy court below, is not in dispute:

> The Debtor filed a Chapter 7 bankruptcy petition on July 7, 2010.
> The case was converted to a Chapter 13 case on December 8, 2010.

Schedule "A" filed by the Debtor indicates title to five different parcels of property are in the Debtor's name.

* * * * *

The issue presented by the Chapter 13 Trustee's objection is with reference to the properties located at Sarto Avenue [430 Sarto Avenue, Miami, FL 33134 ("Sarto Avenue")] and Biltmore Way [600 Biltmore Way, Unit 505, Miami, FL 33134 ("Biltmore Way")]. The Title to both of these properties are in the name of the Debtor, the Debtor's father, the Debtor's mother and the Debtor's sister. Debtor's father lives at 430 Sarto Avenue and the property is his homestead; the Debtor's sister lives at 600 Biltmore Way, and this property is her homestead.

The Debtor testified that her father put the Debtor on the title to his property for purposes of estate planning. In case the father died, the Debtor would not have to go through a probate proceeding to obtain the property. The Debtor also testified that she has never made any payments on the mortgage nor has she ever lived at the property. The property is owned free and clear of liens. The Debtor also testified that the father's act of placing her name on the title was not intended as a gift.

Debtor's father's testimony confirmed that he has made all payments on the property, that the Debtor has never lived there and that it was not intended to be a gift to the Debtor. He testified that the Debtor was put on the title to avoid probate proceedings in the event he passed away.

The father also testified that he put the Debtor on the title to the Debtor's sister's property for the same reason — in case he died, the Debtor would not have to go through a probate proceeding to obtain the property. The father testified that the Debtor has never made any payments on the mortgage and never lived there; and, he confirmed that titling the name of the property in the Debtor's name too was not intended to be a gift. The property is owned free and clear of liens.

The Trustee argues the Debtor owns 1/4 of these properties and therefore the value of 1/4 of the properties should be included in the Debtor's estate.

> The Debtor wishes to carve out the real properties from property of the estate. The Debtor argues that, pursuant to 11 U.S.C. § 541(d), the 1/4 interest held by the Debtor in the aforementioned properties is not property of the estate because the Debtor holds only bare legal title and the properties are, therefore, not subject to administration by the Trustee.

D.E. 1 at 2-4 (reported as *In re Sanchez-Villalba*, No. 10-29242-BKC-AJC, 2012 WL 627746 (Bankr. S. D. Fla. Feb 24, 2012).[1] After Appellee-Trustee filed his objection to confirmation, the Bankruptcy Court sustained the objection. *Id.* The court held that, although the Debtor argued that she held the properties in a resulting trust, the Debtor did not establish the elements necessary to prove a resulting trust. D.E. 1 at 4.

The court decided that "the Warranty Deeds on the Subject Properties granted a fee simple estate to the Debtor, the Debtor's sister, the Debtor's mother and the Debtor's father. *Id.* No other recorded documents were admitted into evidence to prove the properties were held by the parties in trust." D.E. 1 at 4. Additionally,

> . . . while the Debtor has established that the properties were paid for by the Debtor's father, and the Debtor has not paid for any insurance or maintenance on the properties, and although the testimony establishes that the Debtor never exercised control over the properties, the Court finds the Debtor has failed to prove the titling of the properties did not confer ownership upon [sic] her and **that the ownership of the properties was not taken into consideration by creditors with regard to extending credit to this Debtor or otherwise forbearing collection of debt.**

--------

[1] Unless otherwise noted, the facts are derived from various documents filed in this docket and the underlying bankruptcy docket. These facts, which appear to be undisputed, are provided for background purposes only and do not constitute findings of fact by the Court. For purposes of clarity, documents filed in this docket, 12-23199-RSR, will be cited as "D.E. ___" and documents filed in the underlying bankruptcy docket, 10-29242-BKC-AJC, will be cited as "BKC D.E. __."

* * * * *

> There is no subsequently recorded transaction or declaration indicating that the Debtor holds only bare legal title subject to a resulting trust for the benefit of others.

D.E. 1 at 5-6 (emphasis added).

In the Order Denying Rehearing [D.E. 1 at 6-9], the Bankruptcy Court clarified that its previous ruling was not based solely upon the fact that no documentation existed to indicate a trust relationship.  Rather,

> [t]he Debtor cannot reconcile Florida's recording statute with the facts of this case. . . .  A resulting trust is typically created as an exception to the rule of estoppel when the true owner of property was not to blame for the misleading record, and did not have knowledge that title is recorded in another's name.  However, that is not what occurred in this case. In this case, the Debtor's father placed the subject real property in the name of his daughter, the Debtor, without considering all the consequences of doing so.

*Id.*  Appellant-Debtor appeals the Underlying Order and the Order Denying Rehearing.  D.E. 7 at 5.  The issue on appeal is whether the Bankruptcy Court abused its discretion and erred in failing to conclude that the Subject Properties were held as bare legal title by Appellant-Debtor and therefore should be excluded from property of the bankruptcy estate.  D.E. 7 at 5.

## II. Jurisdiction

Federal courts are courts of limited jurisdiction.  *Federated Mut. Ins. Co. v. McKinnon Motors*, *LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: 1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and, (3) with leave of the court, other interlocutory orders, as described in 28

U.S.C. § 158(a)(3) and Fed. R. Bankr. Pro. 8001(b).  *Tobkin v. Calderin*, No. 12-22692-MC, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012).  As this Court has explained, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees."  *Id.* at *1-2*; 28 U.S.C. § 158(a)(1).

Here, Appellant-Debtor properly seeks review under 28 U.S.C. § 158(a)(1).  D.E. 1 at 1. Appellant-Debtor timely filed this appeal, and the parties do not dispute jurisdiction.  This Court has agrees that it enjoys jurisdiction.

### *III. Legal Standards*

In reviewing bankruptcy-court judgments, a district court functions as an appellate court.  *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).  Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard.  *In re Club Associates*, 951 F.2d 1223, 1228 (11th  Cir. 1992) (citing *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990)); *In re Goerg*, 930 F.2d 1563 1566 (11th Cir. 1991); *see* Fed. R. Bankr. Pro. 7052, 8013; Fed. R. Bankr. Pro. 8013 ("[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous").  District courts may not make independent factual findings on appeal. *In re JLJ Inc.*, 988 F.2d at 1116.  If the bankruptcy court is silent or ambiguous as to an outcome determinative of a factual question, the case must be remanded to the bankruptcy court for the necessary factual findings.  *Id.* (citing *In re Cornelison*, 901 F.2d 1073, 1075 (11th Cir. 1990); *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990)).

In contrast, the legal conclusions by the Bankruptcy Court are reviewed *de novo*.  *In re Club Assoc.*, 951 F.2d at 1228-29 (citations omitted).  Thus, this Court reviews the Bankruptcy Court's

factual findings in this case for clear error and its legal conclusions *de novo*.  *In re Globe Manuf. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club*, 951 F.2d at 1228-29.

### IV. Discussion

"Chapter 13 of the bankruptcy code provides bankruptcy protection to 'individuals with regular income' whose debts fall within statutory limits."  *Hamilton v. Lanning*, __ U.S.__, 130 S. Ct. 2464, 2468 (2010) (citing 11 U.S.C. §§ 101(3), 109(e)).  "Unlike debtors who file under Chapter 7 and must liquidate their nonexempt assets in order to pay creditors, Chapter 13 debtors are permitted to keep their property, but they must agree to a court-approved plan under which they pay creditors out of their future income."  *Id.* at 2467-68 (citations omitted).  A debtor must propose a Chapter 13 plan that would pay the debtor's unsecured claims "not less than the amount" that a Chapter 7 Trustee would pay to unsecured claims.  11 U.S.C. § 1325(a)(4).  Here, during the Bankruptcy proceedings, the Chapter 13 trustee, Appellee-Trustee, objected to confirmation with reference to the properties located at Sarto Avenue and Biltmore Way (the "Properties").  D.E. 1 at 1.

More specifically, Appellant-Debtor contends that she holds only "bare legal title" in the Properties and that the Properties are subject to a resulting trust, and therefore, pursuant to 11 U.S.C. § 541(d), the value of her interest in the Properties should not be included in Appellant-Debtor's estate.  D.E. 7 at 2.  Appellee-Trustee, on the other hand, takes the position that the Bankruptcy Court did not abuse its discretion in confirming Appellee-Trustee's objection to confirmation and that Appellant-Debtor failed to meet her burden of proof that a resulting trust was created such that Appellant-Debtor held only "bare legal title."  D.E. 8 at 6.  Further, Appellee-Trustee argues, in the

alternative, that even if a resulting trust had been created, Appellee-Trustee may nonetheless avoid

a secret resulting trust under the11 U.S.C. § 544(a)(3).  D.E. 8 at 6, 8.

Section 541 of the Bankruptcy Code defines the bankruptcy estate as including all legal or

equitable interests of the debtor in property at the commencement of the case.  11 U.S.C. § 541.

Section 541(d), however, qualifies the definition of bankruptcy-estate property, providing,

> Property in which the debtor holds, as of the commencement of the
> case, only legal title and not an equitable interest, such as a mortgage
> secured by real property, or an interest in such a mortgage, sold by the
> debtor but as to which the debtor retains legal title to service or
> supervise the servicing of such mortgage or interest, becomes
> property of the estate under subsection (a)(1) or (2) of this section
> only to the extent of the debtor's legal title to such property, but not
> to the extent of any equitable interest in such property that the debtor
> does not hold.

11 U.S.C. § 541(d).  Thus, the plain language of § 541(d) excludes from the bankruptcy estate a

equitable interest in a property where the debtor holds only legal title but no equitable interest to that

property.  *In re Campuzano*, No. 11-22929-CIV-MARRA, 2012 U.S. Dist. LEXIS 64270, *5 (S.D.

Fla. May 8, 2012).  It is under this provision that Appellant-Debtor claims exclusion of the

Properties, asserting that she holds only bare legal title and that the properties are subject to a

resulting trust.

To evaluate Appellant-Debtor's contention, the Court considers Florida law, which

determines the nature and extent of a debtor's interest in property.  *See Burtner v. United States*, 440

U.S. 48 (1979).  In Florida, real property is presumed to be held as it is titled unless the debtor is able

to rebut the strong presumption in favor of a recorded deed.  *Reasoner v. Fisikelli*, 153 So. 98, 105

(Fla. 1934); *see also In re Schiavone*, 209 B.R. 751, 756 (Bankr. S.D. Fla. 1997).  And where any

real estate has been conveyed, such a conveyance "shall be construed to vest the fee simple title or

other whole estate or interest which the grantor had power to dispose of at the time." Fla. Stat. § 689.10.

Significantly, under the Florida Recording Statute, Fla. Stat. § 695.01, bona fide purchasers prevail over unrecorded equitable interests.[2] *In re Loewen Group Int'l*, 292 B.R. 522, 527 (Bankr. D. Del. 2003) (finding that "a bona fide purchaser of real property under Florida law may avoid an unrecorded interest"); *Dubai Islamic Bank v. Attorneys' Title Ins. Fund*, 778 So. 2d 413 (Fla. 3d DCA 2001) (holding that the beneficiary of a constructive trust holds an unrecorded interest that is inferior to the interest of a bona fide purchaser).

A resulting trust is an equitable status that can automatically arise by operation of law. *Wadlington v. Edwards*, 92 So. 2d 629, 631 (Fla. 1957). More specifically, a resulting trust occurs where the facts demonstrate an intention that one party hold legal title to the property for the benefit of another or for some other purpose, but the parties fail to execute documents establishing the trust. *See Tribue v. Hough*, 2006 WL 212017, *3 (N.D. Fla. 2006); *In re Goldstein*, 135 B.R. 703, 705 (Bankr. S.D. Fla. 1992). A resulting trust "may be created by deed or may rest entirely in parol, or may be partly in writing and partly in parol." *Id.* (quoting *Bay Biscayne Co. v. Baile*, 75 So. 860

---

[2] Section 675.01 of the Florida Statutes titled, Conveyances to be Recorded, states,

> (1) No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.

(1917)) (internal quotation marks omitted).  But where, as here, a party seeks to establish a resulting trust by parol evidence only, that party shoulders that burden "to remove every reasonable doubt as to [the resulting trust's] existence by clear, strong, and unequivocal evidence."  *United States v. Kaplan*, 277 F.2d 405, 409 (5th Cir. 1960) (quoting *Fox v. Kimball*, 109 So. 465 (Fla. 1926); *Semple v. Semple*, 105 So. 134 (Fla. 1925); *Johnston v. Sherehouse*, 54 So. 892 (Fla. 1911)) (internal quotation marks omitted).

Here, the Bankruptcy Court made a factual finding that Appellant-Debtor did not hold bare legal title to the Properties.  D.E. 1 at 8.  In support, the Court reasoned, "The debtor herein has failed to provide any documentation of any element of the trust and has otherwise failed to establish a resulting trust through parol evidence."  D.E. 1 at 5.  The Court based its determination on a number of factors: (1) Appellant-Debtor did not present evidence that the titling of the Properties did not confer ownership upon her; (2) Appellant-Debtor did not present evidence that the ownership of the Properties was not taken into consideration by subsequent creditors with regard to extending credit to Appellant-Debtor or otherwise forbearing collection of debt; (3) no documentation of any kind existed to indicate a trust relationship; and (4) Appellant-Debtor and her father could have recorded any equitable interests in the Properties, but because they did not, under the Florida Recording Statute, under the Florida Recording Statute, a bona fide purchaser would prevail over an unrecorded equitable interest asserted by Appellant-Debtor.  D.E. 1 at 5-6.

In addition, when Appellant-Debtor challenged the Bankruptcy Court's ruling and moved for rehearing, the Bankruptcy Court expressly clarified that it "underst[ood] Debtor's argument and did not neglect to consider [whether a resulting trust had been created]; the Court simply did not find that, under the circumstances presented, a resulting trust was created."  D.E. 1 at 8.  Moreover, the

Bankruptcy Court added, "[T]he Court did not find that the appropriate circumstances existed in this case to find that a resulting trust was established . . . ." *Id.*

As noted previously, the Court reviews findings of fact for clear error. *In re Globe Manuf. Corp.*, 567 F.3d at 1296. While the Court understands Appellant-Debtor to argue that the Bankruptcy Court did not make a factual finding but instead effectively concluded as a matter of law that a resulting trust could never occur in the absence of documentary evidence, the record does not support Appellant-Debtor's position.

Although some of the factors that Judge Cristol identified refer to documentation, others do not. For example, Appellant-Debtor could have testified that she did not cause the ownership of the Properties to be taken into consideration by subsequent creditors with regard to extending credit to Appellant-Debtor or otherwise forbearing collection of debt, but she did not. Judge Cristol found the lack of such evidence to be important in his factual determination regarding whether, in the absence of documentation, a resulting trust had been created. He was in the best position to evaluate all of the evidence of record — including the evidence that Appellant-Debtor chose not to adduce. Although Appellant-Debtor presented testimony from her father that she was added to the title to the Properties for estate-planning purposes and that her father made all payments on the property, whether such testimony was clear, strong, and unequivocal evidence that a resulting trust was created — particularly in light of the lack of evidence that Appellant-Debtor did not cause the ownership of the Properties to be taken into consideration by subsequent creditors with respect to extending credit to Appellant-Debtor or otherwise forbearing collection of debt — was a factual determination for the Bankruptcy Court. *See* D.E. 1 at 2-9. Nothing in the record on appeal suggests that the

Bankruptcy Court's findings were clear error.  Therefore, the Bankruptcy Court's decisions must be affirmed.

Nor, as Appellant-Debtor asserts, does any other Florida law presumption alter the analysis. While Appellant-Debtor notes that once a person proves that he paid the purchase price for a piece of property, a presumption arises that it was the parties' intention that the individual holding legal title was to hold the property in trust for the payor, D.E. 7 at 5 (citing *Smith v. Smith*, 196 So. 2d 409 (Fla. 1940) and *Frank v. Eeles*, 13 So. 3d 216 (Fla. 1943)), that presumption has no practical effect here.

As Florida courts have held, "If the transferee can show that the payor is under a legal or moral obligation to provide for the transferee, that the transferee is 'the natural object of the payor's bounty,' or that the payor stands in a position of *in loco parentis* to the transferee, then a rebuttable presumption of gift is raised and the burden again shifts."  *Maliski v. Maliski*, 664 So. 2d 341, 343 (Fla. 5th DCA 1995) (citations omitted) (holding that the trial court properly held that the testimony presented in that case did not support a conclusion that a resulting trust was created because, although intent to create a resulting trust was presumed once the beneficiary proved that he paid for the property, the related party did not prove that the transfer was not a gift).  Under Florida law, the transfer of real property to an immediate family member creates a strong presumption that a gift transfer occurred, and such a presumption can be overcome only by evidence "so clear, strong and unequivocal as to remove every reasonable doubt as to the existence of the gift."  *D'Uva v. D'Uva*, 74 So. 2d 889, 891 (Fla. 1954) (holding that the presumption that the father's transfer of land to his son and daughter-in-law was a gift was not overcome by clear and unequivocal evidence).

In the pending matter, the Properties were transferred from Appellant-Debtor's father to Appellant-Debtor. As a result, a strong presumption arises under Florida law that, even if the father paid the purchase price, the transfer was a gift. *See* D.E. 1; *see also D'Uva*, 74 So. 2d at 890. The Warranty Deeds in this case granted a one-fourth fee simple estate in the Properties to Appellant-Debtor, and no other recorded documents were admitted into evidence. D.E. 1 at 4. Moreover, Judge Cristol heard the witnesses and assessed their demeanor. Evaluating the credibility of witnesses falls within the trial court's exclusive purview. *See In re Marill Alarm Systems,* Inc., 81 B.R. 119, 124 n.10 (S.D. Fla. 1987) (citing *In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984)). In short, this Court finds no clear error in Judge Cristol's conclusions that Appellant-Debtor's interest in the Properties is not limited to a bare legal interest only and that no resulting trust arises in this case. As a result, the Properties may not be excluded under 11 U.S.C. § 541(d) from the property of the estate, and Appellant-Debtor's one-fourth interest in each of the Properties is property of the bankruptcy estate.[3]

### *V. Conclusion*

For the foregoing reasons, the Bankruptcy Court's conclusions in the Underlying Order and

---

[3]Because this Court has concluded that a resulting trust was not created and the Properties are property of the estate, the Court need not decide whether Appellee-Trustee may avoid a resulting trust under 11 U.S.C. § 544(a)(3). Nevertheless, under the Eleventh Circuit's construction of Section 544(a)(3), Appellee-Trustee may have been able to avoid a resulting trust using her strong-arm powers, anyway. *See In re General Coffee Corp.*, 828 F.2d 699, 706 n.9 (11th Cir. 1987); *see also In re Corzo*, 406 B.R. 154, 158 (Bankr. S.D. Fla. 2008).

Order Denying Rehearing are hereby **AFFIRMED**.  The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 11th day of February 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record

-13-